IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                                 CIV 15-00419 WJ/KBM
                                                    CR  11-02994 WJ

BRANDON L. JONES,

      Defendant/Petitioner.

## ORDER DENYING MOTION FOR DISCOVERY

THIS MATTER is before the Court on Petitioner Brandon Jones Motion for Discovery [Doc. 17], filed September 28, 2015.  In this habeas action pursuant to 28 U.S.C. § 2255, Petitioner seeks discovery of the following: (1) "The complete trial file in the possession of Kenneth Gleria relating to Brandon Jones including all discovery, correspondence to or from Brandon Jones and any other person related to this case, legal memorandum, e-mail correspondence, notes related to case"; and (2) the "[d]eposition of Kenneth Gleria."  [Doc. 17 at 1]  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court will deny Petitioner's motion.

    "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts governs discovery in this federal habeas case and it provides, in relevant part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law."  Rule

6(a). "Good cause is established 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999) (quoting *Bracy*, 50 U.S. at 908-09)). General and conclusory allegations are insufficient. *See id.* Rather, "[a] party requesting discovery must provide reasons for the request." Rule 6(b).

Petitioner contends that the trial file he received from his former attorney, Mr. Kenneth Gleria, is incomplete and the complete trial file is necessary in order to adequately present his claim of ineffective assistance of counsel. [Doc. 17] Petitioner's habeas petition raises only one claim: ineffective assistance of counsel due to counsel's failure to file a timely notice of appeal, despite Petitioner's request to do so. [Doc. 1 at 4; *see also* Doc. 25 at 2-3] Although Petitioner moved to amend his habeas petition to add additional claims of ineffective assistance of counsel based on errors that allegedly occurred during plea negotiations and sentencing, the Court denied the motion because these additional claims were barred by the one-year statute of limitation in § 2255(f)(1). [Doc. 25] Specifically, the Court held that these additional claims differed in time and type from the "singular claim" raised in Petitioner's original habeas petition and explicitly rejected Petitioner's "attempts to bootstrap the substance of his proposed appeal into his original petition." [Doc. 25 at 2]

Likewise, in the present motion, Petitioner attempts to bootstrap the substance of his proposed appeal into his motion for discovery, contending that the entire trial file will "shed light" on errors that allegedly occurred during Petitioner's plea negotiations and sentencing and "the appropriateness of appealing the court's decision." [Doc. 23 at 2] However, the only portion of the trial file that is relevant and material to Petitioner's habeas claim is the portion relating to Mr. Gleria's representation of Petitioner after the imposition of sentence and

judgment.  Notably, Petitioner does not contend that the trial file he received from Mr. Gleria is incomplete with respect to the relevant time period.  Instead, Petitioner contends that the trial file is incomplete, because "[n]one of the materials in the Bowles file has been turned over and still has not been turned over."  [Doc. 17 at 3]  Mr. Bowles represented Petitioner during his plea negotiations and any alleged errors that occurred during Petitioner's plea negotiations are outside the scope of the issue raised in Petitioner's habeas petition.  Because Petitioner has failed to demonstrate any reason to believe that discovery of the entire trial file will provide information supporting his "singular claim" of ineffective assistance of counsel, his request for discovery will be denied.  *See Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011) (affirming denial of the petitioner's motion for discovery because the petitioner failed "to provide specific allegations showing reason to believe that the requested discovery would provide information supporting his ineffectiveness claims") (unpublished).

     Petitioner also seeks to depose Mr. Gleria, contending that he needs "knowledge of the testimony Mr. Gleria intends to give" in order to present his ineffective assistance of counsel claim.  [Doc. 17 at 3]  However, Petitioner was provided with Mr. Gleria's formal response to the written complaint Petitioner filed with the New Mexico State Bar, in which Mr. Gleria recited in detail the reason why he did not file a timely notice of appeal in Petitioner's criminal case.  Specifically, Mr. Gleria states in his formal response that he "answered all of Brandon L. Jones' questions regarding his right to appeal, and he stated to me that he did not want to appeal" because he hoped "that the prosecutor would dismiss a separate and pending Escape from Custody charge he faced in Federal Court."  [Doc. 6-5 at 2-3]  Thus, Petitioner already is aware of the testimony that Mr. Gleria presumably intends to give at the evidentiary hearing.

Regardless, it is Petitioner's burden to provide "specific allegations showing reason to believe" that a deposition of Mr. Gleria "would provide information supporting his ineffectiveness claim." *Id.*; *cf. Cole v. Zavaris*, Civ. No. 07-CV-01197-WDM-KMT, 2008 WL 4543060, at *1 (D. Colo. Oct. 8, 2008) ("The applicant is not allowed to use discovery as a fishing expedition; he must demonstrate good cause as to what facts he intends to develop from this discovery, and must specify why those facts and his requests would be relevant to his claims . . . .") (unpublished). Petitioner has failed to articulate what information, if any, Mr. Gleria's deposition would provide to support his ineffective assistance of counsel claim. Because Petitioner has failed to demonstrate good cause to depose Mr. Gleria, his motion for discovery will be denied.

IT IS THEREFORE ORDERED that Petitioner Brandon Jones Motion for Discovery [Doc. 17] is DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE