# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                         No. CIV 15-00419-WJ-KBM
                                                No. CR  11-02994-WJ

BRANDON L. JONES,

      Defendant/Petitioner.

## PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Brandon L Jones's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2225 [CV Doc. 29; CR Doc. 214]. By an Order of Reference [CV Doc. 3], filed May 22, 2015, this matter was referred to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this habeas action. The Court held an evidentiary hearing on Jones's amended § 2255 motion on April 20, 2016 [CV Doc. 50; CR Doc. 237] and post-evidentiary hearing briefing was completed on August 29, 2016. The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised in the premises, recommends that Jones's amended § 2255 motion be granted.

**I.     BACKGROUND FACTS AND PROCEDURAL HISTORY**

On December 1, 2011, Jones was indicted for the crime of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2 [CR. Doc. 15] and Attorney Jason Bowles was appointed to represent him [CR Doc. 11]. On November 1, 2012, while Jones was in pretrial confinement at the Torrance County Detention Center, he allegedly attempted to escape. *See United States of America v. Jones*, 13-CR-1381-WJ, Doc. 2 (D.N.M. April 24, 2013). Thereafter, a grand jury indicted Jones for the crime of knowingly escaping or attempting to escape from the Torrance County Detention Center, in violation of 18 U.S.C. § 751(a) and (2) (hereinafter referred to as the "escape case" or the "escape charge"). *Id.*

On December 28, 2012, Jones pled guilty to the crime of kidnapping, without the benefit of a plea agreement. [CR Doc. 92] On March 27, 2013, the Court granted Attorney Bowles's Motion to Withdraw as Attorney [CR Docs. 109, 114] and appointed Attorney Kenneth Gleria to represent Jones. [CR Doc. 115]

A Presentence Report (PSR) was prepared by the Probation Office and disclosed on March 5, 2013, which calculated that Jones was facing an imprisonment range under the United States Sentencing Guidelines (U.S.S.G.) of 262 to 327 months. [Original PSR] On January 22, 2014, an amended PSR was disclosed (hereinafter referred to as the "re-disclosed PSR"). The re-disclosed PSR differed from the original PSR, because it removed the two-point decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, Application Note 4, and added a two-point increase for Obstructing or Impeding the Administration of Justice under U.S.S.G. § 3C1.1, in light of the escape charge. [Re-

disclosed PSR]  The re-disclosed PSR also added a four-point increase for permanent bodily injury to the victim under § 2A4.1(b)(2)(A) (as opposed to a two-point increase for bodily injury under § 2A4.1(b)(2)(B)).  [Re-disclosed PSR]  On the basis of the foregoing, Jones's guideline imprisonment range increased to life imprisonment.  [Re-disclosed PSR]

On May 5, 2014, the Court adopted the findings in the re-disclosed PSR and determined that the guideline imprisonment range had been calculated correctly.  [CR Doc. 148]  The Court found, however, that the guideline imprisonment range was too harsh, granted a variance of two levels, and sentenced Jones to 420 months of imprisonment for the crime of kidnapping.  [CR. Doc. 148]  On June 10, 2014, the court entered judgment.  [CR. Doc. 159]  Pursuant to the Federal Rules of Appellate Procedure, if Jones wished to appeal his conviction and sentence, his notice of appeal was required to be filed in the United States Court of Appeals for the Tenth Circuit within fourteen days of the date of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).

Prior to the entry of judgment, Jones mailed a letter mailed to Attorney Gleria dated May 8, 2014, which provided as follows:

> Hey Kenneth first I just wanted to say thanks for all your help.  Ok I do want to appeal my case but what I want to know is can I just  appeal parts of it and do I have to do it right now or can I do it later on when I get to prison.  So my question is if I file for appeal in the next 14 days can I appeal when ever I want after that?  I would really like to talk to you on the phone I could explain myself better so call me when you can thank you.  Also I would like a copy of my Judgment and Commitment Sentence or (J an S) as soon as you get it.  Again give me a call as soon as you can and thanks for everything.

[Doc. 29-9; *see also* Def. Ex. G; Gov't Ex. 11]  In response Attorney Gleria contacted Jones to discuss his appellate rights.  The substance of this discussion is in dispute:  Jones contends that he instructed Attorney Gleria to file a timely notice of appeal, and the Government contends that Jones decided to waive his right to appeal in exchange for dismissal of the escape charge.

     The record reflects that Attorney Gleria was aware of the fourteen-day deadline to file a timely notice of appeal.  On June 24, 2014, the last day to file a timely notice of appeal, Attorney Gleria called AUSA Chuck Barth, the prosecutor in the escape case, and left the following voicemail message:

> Hi Chuck, Ken Gleria calling regarding Brandon Jones.  Uh, the fourteenth day is today for the Notice of Appeal and so I want, that's what I'm asking about.
>
> * * *
>
> Uhm . . the uh, judgment came out on uh, June 10th.  The uhm . . . So fourteen days would be today.  Tomorrow is the fifteenth day, that's uh, the time to file an appeal, so you said you would dismiss the case, that's the reason I'm calling.  Call me back.
>
> Uh, today is Tuesday, June 24th. . . .
>
> Thank you.

[Doc. 35-1; Def. Ex. K; Gov't Ex. 3]  On Friday, June 27, 2016, Attorney Gleria called AUSA William Pflugrath, a second prosecutor on the escape case, and left the following voicemail message:

> Hi Bill, this is Ken Gleria calling on Friday, June 27th, regarding the Brandon Jones escape case.  Chuck mentioned to me that he was gonna dismiss it.  He had agreed to dismiss it uhm, if the client had not appealed and it's been more than

4

>fourteen days, since entry of judgment and so I'm asking that uh, either you or Chuck uhm, you know, file a motion to dismiss the indictment.  And that's the reason I'm calling, so if you could please . . . . I left a message for Chuck.  I don't know if he's in the office or not but anyway, if uh, if you could call me back regarding this. . . . Thank you.

[Doc. 35-1; Def. Ex. K; Gov't Ex. 4]  On August 1, 2014 the escape charge was dismissed, with prejudice, on the Government's motion.  *See Jones*, 13-CR-1381-WJ, Docs. 23, 24.

On August 1, 2014, Attorney Gleria informed Jones that the escape charge had been dismissed.  In a letter dated that same day, but postmarked August 14, 2014, Jones "demand[ed]" that Attorney Gleria file an appeal in his criminal case.  [Doc. 29-10; Def. Ex. H; Gov't Ex. 12]  On August 15, 2014, Attorney Gleria filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit.  [CR Doc. 166]  Attorney Gleria also filed a motion for extension of time to file a notice of appeal in the District Court. [CR Doc. 172]  The United States Court of Appeals for the Tenth Circuit dismissed Jones's appeal as untimely.  [CR Doc. 186]

On May 1, 2015, Jones filed a Petition For Permission To Appeal Nunc Pro Tunc in the United States Court of Appeals for the Tenth Circuit.  [Doc. 29-8; Def. Ex. J]  The Tenth Circuit did not "file [the] document or take any action on it" because "[a] party may only appeal from a judgment once, and that opportunity has passed."  [Doc. 29-8]

On May 5, 2015, Jones filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2225, [CV Doc. 1; CR Doc. 191] alleging ineffective assistance of counsel based on Attorney Gleria's failure to file a timely notice of appeal.  [CV Doc.

5

1 at 4; CR Doc. 191 at 4]  On July 8, 2015, this Court determined that "disputed factual issues exist and an evidentiary hearing is required" to be held on Jones's § 2255 motion.  [Doc. 7]  *See* § 2255(b).  Therefore, the Court ordered an evidentiary hearing and appointed counsel for Jones in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  [Doc. 7]

On September 2, 2015, Jones filed a motion to amend his § 2255 motion to include additional claims of ineffective assistance of counsel and sentencing error.  [CV Doc. 14]  Jones's motion to amend was filed after the expiration of the one-year statute of limitation in § 2255(f)(1) and, therefore, the Court granted the motion only insofar as Jones sought to clarify or amplify the original claim of ineffective assistance of counsel for failure to file a timely notice of appeal and denied the motion in all other respects.  [CV Doc. 19, 25]  Thereafter, Jones filed the present amended § 2255 motion in accordance with the Court's order.  [CV Doc. 29; CR Doc. 214]

## II.     LAW GOVERNING INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance of counsel, a § 2255 movant must establish that: (1) trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and (2) defendant was prejudiced thereby, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 684.  "[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528

6

U.S. 470, 477 (2000) (emphasis in original).  On the other hand, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *id.*, and "presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003) (citing cases).

A § 2255 movant who successfully demonstrates that his counsel was ineffective by failing to file a timely notice of appeal "is not required to show that the appeal would likely succeed." *United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007).  This is because "those whose right to appeal has been frustrated should be treated exactly like any other appellant and, thus, the would-be appellant should not have to satisfy a special threshold requirement to specify the points he would raise were his right to appeal reinstated." *Snitz*, 342 F.3d at 1156 (internal quotation marks and alterations omitted) (quoting *Roe*, 528 U.S. at 485).

"[R]esentencing under 28 U.S.C. § 2255 is the proper remedy for a criminal defendant who has had ineffective assistance of counsel in failing to perfect an appeal." *See United States v. Moore*, 83 F.3d 1231, 1233 (10th Cir. 1996); *see also United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991).  "[R]esentencing enables the defendant to perfect an appeal" and "place[s] the defendant back into the position he would have been had counsel perfected a timely notice of appeal." *Moore*, 83 F.3d at 1233.

## III. DISCUSSION

On April 20, 2016, the Court held an evidentiary hearing on Jones's amended § 2255 motion.  At the hearing, the main issue to be resolved was whether Jones instructed Attorney Gleria to file a notice of appeal or, instead, whether he instructed

7

Attorney Gleria not to file a notice of appeal in exchange for the dismissal of the escape charge.

The Court finds that Jones's May 8, 2014 letter, in which Jones stated that he does "want to appeal my case," constitutes a specific request that Attorney Gleria file a notice of appeal. [*See* Doc. 29-9; *see also* Def. Ex. G; Gov't Ex. 11 ("I do want to appeal my case")]  At the evidentiary hearing, Attorney Gleria testified that the letter is "absolutely not" a request for an appeal, but instead a "request to speak with me regarding questions [Jones] had about his right to appeal." [Doc. 52 at 82; *see also* Doc. 52 at 103]  The Court disagrees.  Although the letter indicates that Jones had some questions about how the appellate process works, it also unequivocally indicates Jones's did "want to appeal [his] case." [*Id.*]  Therefore, the Court finds that Jones specifically asked Attorney Gleria to file a timely notice of appeal in the present case.

After receipt of the May 8, 2014 letter, Attorney Gleria and Jones had a discussion regarding Jones's right to file a direct appeal.  There are no written records as to what transpired during this discussion, with the exception of Attorney Gleria's time log entry, which is difficult to decipher.[1]  [Doc. 29-13; Gov't Ex. 1]  Both Jones and Attorney Gleria testified that during this discussion, Gleria expressed his professional opinion that an appeal would not be in Jones's best interest and that, instead, Attorney Gleria should

---

[1] Attorney Gleria testified that it is not his practice to memorialize his conversations with clients in writing, "[b]ecause everything is reduced to writing and filed in pleading form." [Doc. 52 at 102; *see also* Doc. 52 at 115, 120, 123]  When defense counsel pointed out that a waiver of appellate rights would not be reduced to writing and filed in pleading form, Attorney Gleria testified that Jones's waiver of his appellate rights is memorialized in Attorney Gleria's time log. [*Id.*]  As previously noted, the time log entry for May 9, 2014 is difficult to decipher, but appears to state: "Conv. w/ ▲ Brandon Jones re: waiver Appeal right." [Gov't Ex. 1; *see also* Doc. 52 at 81]

continue his negotiations with the Government regarding the dismissal of the pending escape charge. [Doc. 52 at 20-21, 98-99, 109-110] Attorney Gleria testified that, after this discussion, Jones decided to waive his right to file a direct appeal in exchange for the dismissal of the escape charge. [Doc. 52 at 80, 98-99, 113, 125] Jones testified that, after this discussion, he was under the impression that Attorney Gleria was going to file a direct appeal on his behalf. [Doc. 52 at 20-21, 23]

The Court finds the testimony of both Attorney Gleria and Jones to be credible; specifically, the Court finds that Attorney Gleria believed that Jones wished to waive his appellate rights in exchange for the dismissal of the pending escape charge and that Jones believed that Attorney Gleria was going to file a timely notice of appeal on his behalf. The Court's finding regarding Jones's credibility is supported by the substance of his in-court testimony, his demeanor on the witness stand, and the fact that he consistently has maintained before the present Court, the United States Court of Appeals for the Tenth Circuit, and the Disciplinary Board of the Supreme Court of New Mexico that he believed that Attorney Gleria would file a timely notice of appeal. [*See* Doc. 29-8; Doc. 6-4] Thus, the Court finds that there was a fundamental misunderstanding between Attorney Gleria and Jones – a misunderstanding that resulted in the loss of Jones's right to file a direct appeal in the present case.

In light of Jones's specific request for an appeal in his May 8, 2014 letter, and Attorney Gleria's failure to honor that request by filing a timely notice of appeal in the United States Court of Appeals for the Tenth Circuit, the Court finds that Attorney Gleria was ineffective and that Jones was prejudiced thereby. Accordingly, the Court

9

recommends that Jones's amended § 2255 motion be granted, that Jones's sentence be vacated, and that Jones be resentenced to permit him to file a timely notice of appeal.

The Government contends, without citation to authority, that the amended § 2255 motion should not be granted because, "[t]o show prejudice, Defendant must show that he would have likely received a different sentence had Mr. Gleria filed an appeal." [Doc. 35 at 19]  The Court rejects the Government's proposed prejudice standard as inconsistent with well-settled case law holding that "those whose right to appeal has been frustrated should be treated exactly like any other appellant and, thus, the would-be appellant should not have to satisfy a special threshold requirement." *Snitz*, 342 F.3d at 1156 (internal quotation marks and alterations omitted) (quoting *Roe*, 528 U.S. at 485); *see also Rodriguez v. United States*, 395 U.S. 327, 330 (1969) ("Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.").  Thus, to demonstrate prejudice, Jones need not establish that if he was successful on appeal, a different sentence would be imposed.

Alternatively, the Government contends that, if Jones's amended § 2255 motion is granted, the Government should be granted leave "to re-file the escape charge against Defendant, putting him in the position he would have been in if he really had timely requested his appeal of the kidnapping sentence." [Doc. 58 at 14-15]  This § 2255 proceeding is not the proper proceeding in which to seek to re-file the escape charge against Jones.  If the Government wishes to re-file the escape charge, it must do so by appropriate motion in the escape case.  *See Jones*, 13-CR-1381-WJ.  Therefore, the Court

recommends that the Government's request to re-file the escape charge against Jones be denied without prejudice.

IT IS HEREBY RECOMMENDED that Jones's Amended Motion to Amend His Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2225 [CV Doc. 29; CR Doc. 214] be granted;

IT IS FURTHER RECOMMENDED that the Government's request to re-file the escape charge against Jones be denied without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE