IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON LAWRENCE JONES,

    Petitioner,

v.                                                            No. 19-cv-724 WJ-JFR
                                                                          11-cr-2994 WJ

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Brandon Lawrence Jones' Second Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 (CR Doc. 315; CV Doc. 1) (Second Motion). Jones is incarcerated and proceeding *pro se.* He contends his 2012 guilty plea was involuntary and that plea counsel rendered ineffective assistance. Because the Court lacks jurisdiction to consider successive § 2255 motions without prior authorization from the Tenth Circuit, the Second Motion will be dismissed without prejudice.

### BACKGROUND

    This case began in 2011, when Jones and co-conspirator Jesus Gallegos kidnapped a man from a sports arena. They terrorized and assaulted the victim over the course of a night and withdrew money from several of his bank accounts. Jones eventually pulled over at a truck stop, where both he and Gallegos fell asleep. The victim then escaped from the vehicle and called police.

    Jones was charged with kidnapping in violation of 18 U.S.C. § 1201(a). Attorney Jason

Bowles was initially appointed as criminal counsel. Jones pled guilty on December 28, 2012, but tried to escape shortly thereafter. This was his second escape attempt following the arrest; the first attempt occurred before the plea. In 2013, Bowles withdrew, and Attorney Kenneth Gleria was appointed to represent Jones at sentencing. The Court initially sentenced Jones to 420 months imprisonment. Jones filed a direct appeal, which was dismissed as untimely. Jones then filed his "first" 28 U.S.C. § 2255 proceeding, arguing that Gleria failed to appeal his sentence as directed. The Court appointed new counsel (Kathleen McGarry); granted habeas relief under § 2255; and resentenced Jones to 360 months (*i.e.,* 30 years) imprisonment. Jones again appealed, and the Tenth Circuit affirmed the new sentence.

On August 7, 2019, Jones filed the Second Motion to Vacate Sentence Under § 2255. (CR Doc. 315). The Second Motion attacks the original plea, rather than the resentencing proceedings. Jones argues that his first attorney, Bowles, stated the sentencing range would be 10 to 20 years if he pled guilty. Bowles also allegedly failed to advise Jones that his escape attempts would likely foreclose any sentence reduction based on the acceptance of responsibility. Based on this advice, Jones asks the Court to vacate his 2012 guilty plea and order a new trial. The Second Motion is ready for initial review under Habeas Corpus Rule 4.

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to

address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second § 2255 motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Jones does not point to any new evidence or Supreme Court law. Instead, he alleges his 2012 guilty plea was involuntary due to ineffective assistance by counsel. Jones unsuccessfully attempted to add this argument to his first habeas proceeding in 2015, but the Court found the claim was time-barred and did not relate back to the original § 2255 motion. (CR Doc. 204; 210). The first habeas resentencing proceeding has been appealed, affirmed, and is now final. Accordingly, the claims are likely time-barred in any forum. The Court also finds that Jones did not file the Second Motion in good faith, and is "attempt[ing] to re-litigate a § 2255 claim that ha[s] already been" rejected. *United States v. Hendrix*, 571 Fed. App'x 661, 664 (10th Cir. 2014) (affirming order dismissing successive § 2255 motion).

For these reasons, a transfer to the Tenth Circuit is not in the interest of justice. The Court will dismiss the Second Motion for lack of jurisdiction. The Court will also deny a certificate of

appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Brandon Lawrence Jones' Second Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 (CR Doc. 315; CV Doc. 1) is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE