IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRANDON LAWRENCE JONES,

    Plaintiff,

v.                                                                  No. 22-cv-0154 WJ-KK
                                                                No. 11-cr-2994 WJ-KK

UNITED STATES OF AMERICA, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Brandon Jones' Third Motion to Vacate and Correct Illegal Sentence Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 319) (Third Motion). Also before the Court is his Motion to Appoint Counsel (CV Doc. 4). Jones is a federal prisoner and proceeding *pro se*. He asks the Court to vacate his criminal judgment based on, inter alia, ineffective assistance by counsel. Having reviewed the matter *sua sponte*, the Court finds it lacks jurisdiction to consider Jones' successive § 2255 claims without prior authorization from the Tenth Circuit. The Third Motion will be dismissed without prejudice.

## BACKGROUND

This case began in 2011, when Jones and co-conspirator Jesus Gallegos kidnapped a man from a sports arena. They terrorized and assaulted the victim over the course of a night and withdrew money from several of his bank accounts. Jones eventually pulled over at a truck stop, where both he and Gallegos fell asleep. The victim then escaped from the vehicle and called police.

Jones was charged with kidnapping in violation of 18 U.S.C. § 1201(a). Attorney Jason

Bowles was initially appointed as criminal counsel. Jones pled guilty on December 28, 2012 but tried to escape shortly thereafter. In 2013, Bowles withdrew, and Attorney Kenneth Gleria was appointed to represent Jones at sentencing. The Court initially sentenced Jones to 420 months imprisonment. Jones filed a direct appeal, which was dismissed as untimely. Jones then filed his first 28 U.S.C. § 2255 proceeding, arguing that Gleria failed to appeal his sentence as directed. The Court appointed new counsel (Kathleen McGarry). McGarry argued Jones qualified for a different guideline range and that he was improperly classified as a sex offender based on a misleading statement in the Presentence Investigation Report (PSR). The Court granted habeas relief under § 2255 and resentenced Jones to 360 months imprisonment. The Court also sustained Jones' objection to the PSR and determined he should not be classified by the Bureau of Prisons (BOP) as a sex offender. Jones again appealed, and the Tenth Circuit affirmed the new sentence.

On August 7, 2019, Jones filed his Second Motion to Vacate Sentence Under § 2255. (CR Doc. 315) (Second Motion). The Second Motion attacked the original plea, rather than the resentencing proceedings. By a Memorandum Opinion and Order entered May 13, 2020, the Court dismissed the Second Motion for lack of jurisdiction. (CR Doc. 317).

Jones filed the instant, Third Motion under § 2255 on February 28, 2022. He also filed an affidavit in support of the Third Motion along with several exhibits. (CV Doc. 2). Jones primarily argues Gleria, who represented Jones during the original sentencing proceeding, was ineffective for not objecting to the PSR statement regarding rape. Even though that statement was removed from the record in Jones' first § 2255 proceeding, Jones allegedly continues to have issues with his BOP classification status. Jones also raises § 2255 claims for prosecutorial misconduct; due process violations; and violation of the Universal Declaration of Human Rights. The Third

Motion is ready for review.

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a successive § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second § 2255 motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Jones does not point to any new evidence or Supreme Court law enacted within one year of his Third Motion. Instead, he seeks a sentence reduction or release as an indirect way of correcting the BOP classification defect. This is not a sufficient reason to certify a successive claim under § 2255(h). The Third Motion filed in 2022 is also likely time-barred in any forum,

since it was filed over seven years after entry of the original Judgment in 2014. *See* 28 U.S.C. § 2255(f) (§ 2255 motions must generally be filed within one year after entry of the criminal judgment). As to good faith, the Court has already notified Jones that successive § 2255 claims must be filed in the Circuit.

For these reasons, a transfer to the Tenth Circuit is not in the interest of justice. The Court will dismiss the Third Motion for lack of jurisdiction and deny as moot the Motion to Appoint Counsel. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the jurisdictional bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Brandon Jones' Motion to Appoint Counsel (**CV Doc. 4**) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Brandon Jones' Third Motion to Vacate and Correct Illegal Sentence Under 28 U.S.C. § 2255 (**CV Doc. 1; CR Doc. 319**) is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE