## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

**UNITED STATES OF AMERICA**,

      Plaintiff,

                                       Case No. 11-CR-2994-WJ-1

**BRANDON JONES**,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING SENTENCE REDUCTION
### UNDER AMENDMENT 821

**THIS MATTER** comes before the Court upon inmate Brandon Jones's Motion[1] to reduce his sentence under Amendment 821. *See* **Doc. 340**. The United States is unopposed to the relief requested—insofar as he "requests a sentence of 327 months." **Doc. 341 at 2** (cleaned up). After reviewing the filings and applicable law, the Court concludes: (1) Jones's sentence was lowered by the Sentencing Commission, (2) his request is consistent with the Commission's policy statements, and (3) the sentencing factors in 18 U.S.C. § 3553(a) support a reduction. For the reasons that follow, Jones's request for a sentence reduction is **GRANTED**.

### BACKGROUND

On December 1, 2011, Brandon Jones was indicted for kidnapping and aiding and abetting. *See* **Doc. 15** (charging violations of 18 U.S.C. § 1201(a)(1) & § 2). He later pleaded guilty. *See* **Docs. 90, 92, 93**. Prior to sentencing, Probation prepared a Presentence Report ("PSR"). The PSR calculated Jones's total offense level of 44 and determined his criminal history category was III.

---

[1] Originally, Jones filed a *pro se* Motion for a sentence reduction. *See* **Doc. 334**. But then the Federal Public Defender's office entered an appearance, *see* **Doc. 337**, and ultimately filed a Notice of Eligibility (**Doc. 339**). As such, the instant motion was filed by Jones's counsel.

*See* **Doc. 143 at 2**; **Doc. 144 at 1**. On May 5, 2014, Jones was sentenced to 420 months' imprisonment. *See* **Doc. 148**. Judgment was entered on June 10, 2014. *See* **Doc. 159**.

But "Jones' attorney failed to file a timely notice of appeal." *United States v. Jones*, 753 F. App'x 627, 630 (10th Cir. 2018) (unpublished). As a result, Jones later obtained habeas relief based on ineffective assistance of counsel—and the case was set for resentencing. *See* **Doc. 253**.

During this time, Probation issued several addenda to Jones's PSR—the latest being the result of a clarification in one of the sentencing enhancements.[2] *Compare* **Doc. 143 at 1–2** (discussing application of four-level enhancement USSG § 2A4.1), *and* **Doc. 144 at 3** (same), *with* **Doc. 193** (concluding the four-level enhancement was inapplicable), *and* **Doc. 258** (removing four-level enhancement).

At resentencing, this Court imposed a 360-month custodial sentence. *See* **Docs. 292 & 295**. This sentence was within-Guidelines based upon an offense level of 38 and criminal history category of III. *See* **Doc. 273**.

At the time, Jones's four criminal history points were the result of two convictions and an additional two points under USSG § 4A1.1(d)—because he was under a criminal justice system. These four points placed him in criminal history category III. But the two points added under then-USSG § 4A1.1(d) no longer exist (because of Amendment 821). As such, today, Jones only has two criminal history points—placing him in category II.

## DISCUSSION

"Retroactive Guideline amendments" are a valid statutory reason to modify a sentence. *United States v. Price*, 44 F.4th 1288, 1294 (10th Cir. 2022); *see also* 18 U.S.C. § 3582(c)(2). The

---

[2] In Jones's codefendant's appeal, the Tenth Circuit clarified the contours of when to apply the enhancement for "permanent or life-threatening injury" vis-à-vis "serious bodily injury" under USSG § 2A4.1. *See generally United States v. Gallegos*, 610 F. App'x 786 (10th Cir. 2015) (unpublished).

above-mentioned "status points" provision was changed by Amendment 821. *See* 88 Fed. Reg. 28254, 28270 (May 3, 2023); U.S. SENT'G GUIDELINES MANUAL AMEND. 821; USSG §§ 4A1.1(d) & (e). As a result, Jones's criminal history category was lowered. This means his advisory sentencing Guidelines range was also lowered.[3]

In his motion, Jones specifically invokes the retroactive changes to status points in Part A. *See* **Doc. 340**. Applying the Guidelines in effect at sentencing, Jones received two status points under § 4A1.1(d). But now, when applying the retroactive changes in Amendment 821, Jones gets zero status points. *See* USSG § 4A1.1(e). That means Jones's new criminal history score is two rather than four—and his criminal history category is II, not III. *See* **Doc. 340 at 2**. The United States agrees. *See* **Doc. 341 at 1**.

\* \* \*

There are two—or three—steps[4] a defendant must overcome before obtaining a sentence reduction under § 3582(c). *Compare United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (listing "three distinct hurdles"), *with United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (calling for "a two-step inquiry"); *see also United States v. Martinez*, No. 15-cr-4281, 2024 U.S.

---

[3] Previously, Jones's Guidelines range was 292–365 months (based on an offense level of 38 and criminal history category of III). With the same offense level but a criminal history category of II, Jones's advisory Guidelines range is now 262–327 months.

[4] Here, the Court applies the three-step framework—as this better mirrors the statutory language. *See* § 3582(c)(2) (requiring the "reduction [be] consistent with applicable policy statements"); *see also* USSG § 1B1.10. Even so, there appears to be a tie (so to speak) in terms of unpublished Tenth Circuit cases relying on *C.D.*'s three-step analysis versus *Green*'s two-step approach.

The three prerequisites from the *C.D.* Court have been cited by: *United States v. Toombs*, 712 F. App'x 791, 794 (10th Cir. 2017) (unpublished); *United States v. Dozal*, 772 F. App'x 738 (10th Cir. 2019) (unpublished); *United States v. Wall*, 2025 U.S. App. LEXIS 1444 (10th Cir. Jan. 23, 2025) (unpublished). Alternatively, the following cases apply the two-step analysis: *see, e.g., United States v. Cota-Medina*, 2022 U.S. App. LEXIS 8636 (10th Cir. Mar. 31, 2022) (unpublished); *United States v. Albers*, 2024 U.S. App. LEXIS 3044 (10th Cir. Feb. 9, 2024) (unpublished); *United States v. Chenoweth*, 2025 U.S. App. LEXIS 2194 (10th Cir. Jan. 31, 2025) (unpublished); *United States v. McDonald*, 2025 U.S. App. LEXIS 8825 (10th Cir. Apr. 15, 2025) (unpublished).

Dist. LEXIS 190216, at *13 n.3 (D.N.M. Oct. 18, 2024) (Browning, J.) (commenting that "the Tenth Circuit has applied both a three-prong and two-prong analysis" in § 3582(c)(2) cases).

First, a defendant must show he was sentenced based on an advisory Guidelines range that the Sentencing Commission has subsequently lowered. Second, a defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements. Third, the defendant must convince the district court that a sentence reduction is warranted under the sentencing factors of 18 U.S.C. § 3553(a).

Here, there was a change in Jones's criminal history category. Necessarily, then, there was a change in Jones's advisory Guidelines range. As such, he is eligible for a sentence reduction.

Having established jurisdiction, the Court turns to the applicable policy statements. Here, Jones's requested 327-month sentence, *see* **Doc. 340 at 2**, does not reduce his term of imprisonment "to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(C). Moreover, his requested reduction is consistent with the Sentencing Commission's policy statement in USSG § 1B1.10. *See id.* at n.7.

Finally, the Court turns to the sentencing factors of 18 U.S.C. § 3553(a). The parties agree (**Docs. 340 & 341**) that a sentence of 327 months[5] strikes the appropriate balance. As explained below, the Court agrees.

To be sure, this was "a brutal kidnapping and robbery and a brutal assault and battery." **Doc. 183 at 105**. There is no disputing this was a "serious, serious offense." **Doc. 309 at 33**. The

---

[5] On March 6, 2025, the Court received a letter (**Doc. 346**). In this *pro se* letter, Jones asks for a low-end Guidelines sentence. *See id.* But Jones is represented by counsel. And this Court's local rules explain a represented party may not submit *pro se* filings without prior approval. *See* D.N.M.LR-CR. 44.2. The Court will not permit hybrid representation. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (finding there is no constitutional right to hybrid representation); *see also United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018) (unpublished) ("You either represent yourself or you're represented by counsel.").

 This letter could have been stricken. But instead, the Court simply relies on the representations and filings of counsel—and disregards Jones's *pro se* request.

sentence needs to "afford adequate deterrence to criminal conduct," **Doc. 183 at 105**, and "protect

the public from further crimes of the defendant." *Id.*; **Doc. 309 at 33–34**. After considering the

advisory Guidelines range (of 262–327 months) as well as the sentencing factors of § 3553(a), the

Court concludes that a sentence reduction from 360 months to 327 months is appropriate.[6]

## CONCLUSION

In sum, Jones is eligible for relief under Amendment 821. He clears each required hurdle.

Moreover, the parties agree that a sentence of 327 months—at the top of the new (and correctly

calculated) Guidelines—is appropriate. The Court concludes a 327-month sentence is sufficient

but not greater than necessary to satisfy the goals of sentencing.[7]

**IT IS THEREFORE ORDERED** that the joint request (**Docs. 340 & 341**) to **REDUCE**

inmate Brandon Jones's sentence from 360 months' imprisonment to 327 months' imprisonment

is **GRANTED**.

---

[6] As this Court stated at resentencing, *see* **Doc. 309 at 32**, an upward variance was not justifiable. But neither was a downward variance. *Id.* **at 33**. These findings still ring true—as this case warrants a sentence at the top of the advisory Guidelines range. *Cf. id.*

[7] The parties also agree that no hearing on the motion is required. *See* **Doc. 345**. This makes sense—as there is no requirement for a hearing/resentencing on Amendment 821 motions. *See United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017), *aff'd* 585 U.S. 109 (2018). That's because "the procedure to reduce a sentence under § 3582(c)(2) is not a resentencing." *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). And nearly all the courts of appeals agree on this point—*viz.*, that a sentence reduction does not require a resentencing hearing. *See, e.g., United States v. Smith*, 982 F.3d 106, 113 (2d Cir. 2020) (per curiam); *United States v. Easter*, 975 F.3d 318, 326 (3d Cir. 2020); *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (Wilkinson, J.); *United States v. Rendon*, 807 F. App'x 418, 420 (5th Cir. 2020) (per curiam and unpublished); *United States v. DeWitt*, 385 F. App'x 479, 481 (6th Cir. 2010) (unpublished); *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021) (Easterbrook, J.); *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (Stras, J.); *United States v. Flores*, 791 F. App'x 663, 665 (9th Cir. 2019) (unpublished); *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1249 (11th Cir. 2017); *but see United States v. Fanfan*, 558 F.3d 105, 108 (1st Cir. 2009) (taking "no view" on whether § 3582(c) entitles a defendant to a full resentencing).

As the Supreme Court explained: "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). To the extent Jones could have requested a hearing, he made no such request. *See United States v. Piper*, 839 F.3d 1261, 1270 (10th Cir. 2016) ("[W]hen a defendant . . . fails to request a hearing in a § 3582(c)(2) proceeding, a district court need not hold a hearing.").

**IT IS FURTHER ORDERED** that the Court will file the standard order (AO Form 247) reflecting the sentence reduction.

**IT IS SO ORDERED.**

/s/

_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE